# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JUAN ANDRES REYES,

      Petitioner

v.

JAMES DZURENDA, et al.,

      Respondents

Case No.: 2:20-cv-00779-JAD-EJY

**Order Directing Response to Petition**

      **\*\*\*The court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.\*\*\***

      Petitioner Juan Andres Reyes has submitted a 28 U.S.C. § 2254 habeas corpus petition and has now paid the filing fee.[1]  The court has reviewed the petition as required by Habeas Rule 4 and directs that it be docketed and served on respondents.

      A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.[2]  If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

      IT IS THEREFORE ORDERED that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents; and

---

[1] *See* ECF Nos. 1-1, 5.

[2] *See* 28 U.S.C. §2254(b) (successive petitions).

- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that **respondents must file a response to the petition within 90 days of service of the petition.  Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.**  Any other motions will be subject to the normal briefing schedule under the local rules.

If respondents file a response to the petition, they must comply with these requirements, which are imposed under Habeas Rule 4:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state court exhibits relevant to the response filed to the petition.  Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court.  Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.  **No further courtesy copies are required unless and until requested by the court**.

Dated: June 26, 2020

_____
U.S. District Judge Jennifer A. Dorsey